104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael G. HAYES, Plaintiff-Appellant,
v.
T. FORSYTH, Defendant-Appellee.
 No. 96-15657.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Michael Hayes appeals pro se the district court's summary judgment in favor of T. Forsyth, a prison guard, in Hayes's 42 U.S.C. § 1983 action, alleging that he was subjected to cruel and unusual punishment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 A. Withholding of Meals
 
 3
 To the extent Hayes contends that Forsyth violated his constitutional rights by threatening and actually withholding Hayes's meals in retaliation to Hayes filing administrative grievances, this contention lacks merit.
 
 
 4
 In order to succeed on a section 1983 retaliation claim, a prisoner must demonstrate that: (1) prison officials retaliated against him for exercising his constitutional rights; and (2) the retaliatory action did not advance legitimate penological goals. Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam). If the prisoner meets his burden, the prison officials must establish that they would have reached the same decision even in the absence of protected conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). Nevertheless, we will " 'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995) (quoting Sandin v. Conner, 115 S.Ct. 2293, 2299 (1995)).
 
 
 5
 Here, on summary judgment, Forsyth set forth a legitimate penological goal in response to Hayes's claim that he did not always receive his meals. Forsyth set forth a declaration stating that due to security considerations, an inmate's food slot must be closed and locked at all times, other than when an inmate's meal is served. Forsyth further stated that because of this security consideration, he could not leave Hayes's meals in an open food slot during the occasions when Hayes was not ready to receive his meal. Because Hayes did not demonstrate that Forsyth retaliated against him for exercising his constitutional rights, without any penological objective, Hayes's retaliation claim fails. See Barnett, 31 F.3d at 815-16.
 
 B. Handling of Food
 
 6
 Hayes also contends that Forsyth violated his Eighth Amendment rights because Forsyth did not have the proper health clearance and did not wear the proper attire to serve Hayes's meals. This contention lacks merit.
 
 
 7
 To establish liability for deliberate indifference based on the conditions of confinement under the Eighth Amendment, an inmate must show that the condition in question caused a sufficiently serious harm or risk of harm and that prison officials knew of the existing harm or the risk of harm. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1994), cert. denied, 115 S.Ct. 1695 (1995). To withstand a motion for summary judgment, a prisoner must not only allege that he was subjected to unconstitutional conditions, he must also allege facts sufficient to indicate that prison officials were deliberately indifferent to his complaints. See Farmer, 114 S.Ct. at 1979.
 
 
 8
 Here, Hayes failed to show how Forsyth's conduct arose to the level of a constitutional violation. The record indicates that Forsyth did not prepare the food, but simply served trays of food prepared in the prison's kitchen. Forsyth also was not required to have a health clearance to serve prisoner's food and he stated that he had no contagious disease at any of the relevant times. Hayes also failed to show that Forsyth's alleged lack of proper health clearance or attire caused him harm or serious risk of harm. Furthermore, Hayes also failed to show that Forsyth was deliberately indifferent to his complaints. Because Hayes failed to show a constitutional violation and that Forsyth was deliberately indifferent, the district court did not err by granting summary judgment on this issue. See Farmer, 114 S.Ct. at 1977.
 
 C. Dispensing of Medication
 
 9
 Hayes also contends that Forsyth showed deliberate indifference to Hayes's serious medical needs by dispensing Hayes's medication when Forsyth was allegedly not medically qualified.
 
 
 10
 To state a constitutional claim for deliberate indifference to serious medical needs, a prisoner must first demonstrate the existence of a serious medical condition of which the prison officials should have been aware. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Prison officials may manifest a deliberate indifference to serious medical needs when they "deny, delay or intentionally interfere with medical treatment." McGuckin, 974 F.2d at 1059.
 
 
 11
 Here, the record indicates that there is no evidence that Forsyth denied, delayed, or intentionally interfered with Hayes's medical treatment. Forsyth merely passed on to Hayes, the medication prescribed for Hayes. Because Hayes failed to show that Forsyth acted with deliberate indifference, the district court properly granted summary judgment on this claim. See McGuckin, 974 F.2d at 1059.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not decide Hayes's contention that he was denied access to the law library because this claim is raised for the first time on appeal. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985)